Fernández v. Wilcox, General Supervisor of Elections.

Application for a writ of Mandamus.

No. 4.—*Decided November 4, 1904.*

Elections—Boards of Registry.—There is nothing in the law which specifically prescribes the time and manner in which the board of registry, composed of the judges of election, is to be finally dissolved, for which reason it should be understood that its legal existence continues until the beginning of the election—that is, until election day.

Id.—Registration of Electors.—Although the law does not fix the period for the registration of electors, whoever voluntarily allows the period to expire without exercising his right to register cannot subsequently exercise it; nevertheless, a citizen, whose name has been illegally eliminated from the lists used at the preceding election, may ask that his name be restored thereto, even after the expiration of such period.

Id.—General Supervisor of Elections.—The general supervisor of elections has no power to personally register electors, such authority residing exclusively in the boards of registry.

Mandamus—When It Will Issue.—The writ of *mandamus* will lie only to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or public function of the defendant.

ID.—REGISTRATION OF ELECTORS.—The writ of *mandamus* will not lie to compel
the general supervisor of elections to register in the electoral lists the name
of a citizen which has been illegally eliminated from such lists.

The facts are stated in the opinion.

*Mr. Dexter,* for plaintiff.

*Mr. Rossy, Fiscal,* for defendant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

In a petition filed October 31, this year, duly sworn and
signed by Attorney F. H. Dexter, representing Emilio Fer-
nández Mascaró, the following facts are set forth:

That he has lived for more than ten years in this city of
San Juan, in the houses numbered 43 Fortaleza Street and
20 San Justo Street.

That both houses are situated within election precinct No.
6 of this city, which is the one in which he was registered and
where he voted at the last general election, held in the year
1902.

That in spite of this, his name was unjustly and improp-
erly stricken from the list of electors having a right to vote
in aforesaid precinct No. 6.

That he was apprised of such an omission during the last
three days, and since the publication of the final list of elec-
tors, as revised by the board of registry, which list was pub-
lished after said board had closed its sessions, held on the
8th and 18th of July last.

That said board of registry, as such, has finished its labors
and in consequence thereof has been finally dissolved.

That before presenting his application to this Supreme
Court, he had requested the general supervisor of elections
to include the petitioner's name in aforesaid list, for which
purpose he had filed the accompanying affidavit, containing
all the requisites necessary for registry, but his petition was
denied by said official.

After relating the foregong facts he cites in support of
his demand sections 231, 240 and 300 of the Revised Statutes,

as amended by the act of March 10, last; and assuming that the board of registry had ceased to exist, for which reason he could not appear before it, he declares that the general supervisor of elections is the only one having authority to register his name or order that it be done, wherefore this action is directed against him; and he prays that after hearing the alternative writ of *mandamus,* a peremptory writ be issued directing said general supervisor to register forthwith the name of the petitioner or have the same replaced in the poll-list without delay.

The defendant in his answer alleged that he had no authority to do what was required of him, the act involved not being within the powers with which he was vested by the law, as the original lists were in the possession of the precinct judges who are charged with the custody thereof, and that although his authority is superior to theirs, he has no means of compelling compliance with his instructions.

The *fiscal* opposed the granting of the writ of *mandamus* for the reasons set forth orally at the hearing.

We shall now proceed to consider and pass upon the issues in the order in which they were raised.

It is an undeniable fact that the board of registry is composed of the judges of election, according to section 1 (296) of the Revised Statutes, and there is nothing in the law which specifically prescribes the time and manner in which the board, as such, is to be finally dissolved; for which reason it should be understood that said board of registry shall continue in existence until the beginning of the election, that is Tuesday, the 8th of November next. This does not mean that at any time up to aforesaid date the board may register those who claim such a right, for this power is expressly restricted by the law to fixed dates, and whoever voluntarily lets the period expire which the law allows him for the purpose of exercising his right to register and vote, has no right of action to recover what he forfeited.

But in this particular case, where it is a matter concerning a citizen of Porto Rico whose name was eliminated from the list used in precinct No. 6 at the preceding election, such citizen, had he come forward and complied with the requirements of the law, could have compelled the board of registry to take action in the matter.

The stand taken by the petitioner is manifestly inconsistent, because in the terms of one of the alternatives of the prayer of the petition it is asked that the general supervisor of elections be required to cause the petitioner's name to be replaced in the registry list; but if the board of registry has been finally dissolved, as asserted, it is evident that said supervisor has no power to restore to life a dead body.

But according to the terms of the other alternative it is also requested that said official personally register the name of Emilio Fernández Mascaró, since, as alleged, authority is granted him by law for the purpose.

Let us see what are the powers of said general supervisor.

By section 11 (240) of the Revised Statutes the general supervisor of elections, appointed by the Executive Council, is vested with both inherent and delegated authority, his duties under the former being to supervise the conduct of the elections, the appointment of registration agents, election judges and clerks, and the counting and canvassing of the votes by said judges after elections. Only in the performance of these duties said official is vested with authority and for that purpose his authority is paramount under the law.

The delegated powers of the supervisor are those expressly conferred upon him by the council or committee on elections for the purpose of executing acts in connection therewith.

It is true that in said law we read that the general supervisor has authority to "do any and all things;" but this authority is limited to what is required of him by the law, and we have already seen that he has not been given the

authority wherewith he is now supposed to be vested, namely, that of himself registering the name of petitioner.

There are other considerations which also prevent the granting of the application.

The general supervisor of elections, in case he had power to make the registry himself, would have to do it on the original list; but as said list must be carefully preserved by the judges of election, as provided by section 6 (301) of the Revised Statutes as amended by the act of March 10, last, it is absolutely impossible to do what is demanded; and either for this reason, or because the inscription asked for is a function exclusively appertaining to the board of registry, according to section 1 (296) of the Revised Statutes, as amended by the act of March 10, last, it is not possible to grant the request. Nor can this court direct the supervisor to register the petitioner's name, because such authority is not within the scope of its ministerial duties, but as has been stated, resides exclusively with the board of registry.

Now, then, the writ of *mandamus* is a high prerogative writ which can be directed only against a person bound to the performance of any act which the law specifically enjoins as a duty resulting from an office, trust or public function. (Section 2 of an act to establish the writ of *mandamus* in Porto Rico, approved March 12, 1903).

This is not the case with the general supervisor of elections, the defendant herein, and, therefore, he cannot be called upon to perform an act which by law he is not required to perform.

We are accordingly of opinion that the application of Emilio Fernández Mascaró should be

*Denied.*

Chief Justice Quiñones and Justices Hernández, Mac-Leary, and Wolf concurred.